[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-14260
Non-Argument Calendar

_____

Agency No. A200-615-727

BANUSANTHAR VAITHEESVARAN,

Petitioner,

versus

US ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(July 1, 2013)

Before CARNES, BARKETT and BLACK, Circuit Judges.

PER CURIAM:

Banusanthar Vaitheesvaran, a Sri Lankan citizen, through counsel, seeks review of the Board of Immigration Appeals' (BIA) final order affirming the Immigration Judge's (IJ) denial of his application for asylum, withholding of removal, and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment (CAT). Vaitheesvaran raises several issues on appeal,[1] which we address in turn.  After review,[2] we deny the petition in part, remand in part, and dismiss in part.

*Adverse Credibility Finding*

Vaitheesvaran contends the BIA and the IJ erred in their credibility determinations because they took into account trivial factors, ignored his consistent testimony, and failed to provide specific, cogent reasons for the adverse findings.

We review an adverse credibility finding under the substantial-evidence test. *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1230-31 (11th Cir. 2006).  We must affirm the determination "if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d

---

[1]  Vaitheesvaran has abandoned his requests for withholding of removal and CAT protection on the basis of being a persecuted Tamil by failing to make substantive arguments on those issues in his brief.  *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005). However, Vaitheesvaran does argue he should be eligible for CAT relief on the basis of his status as a failed asylum seeker, which we address separately.

[2]  We review the BIA's decision as the final judgment.  *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007).   However, because the BIA explicitly agreed with several findings of the IJ, we review the decisions of both the BIA and the IJ as to those issues.  *Ayala v. U.S. Att'y Gen.*, 605 F.3d 941, 948 (11th Cir. 2010).

1247, 1254-55 (11th Cir. 2006) (quotation omitted).  In so doing, we will view "the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Id.* at 1255 (quotation omitted). Accordingly, in order to conclude that a finding of fact should be reversed, we must determine that the record compels reversal, as the mere fact that it may support a contrary conclusion is insufficient. *Id.*

A credibility determination may be based on the totality of the circumstances, including: (1) the demeanor, candor, and responsiveness of the applicant; (2) the plausibility of the applicant's account; (3) the consistency between the applicant's written and oral statements; (4) the internal consistency of each statement; and (5) the consistency of the applicant's statements with other record evidence, including country reports.  8 U.S.C. § 1158(b)(1)(B)(iii). Moreover, an adverse-credibility determination may be based on inconsistencies, inaccuracies, or falsehoods, regardless of whether they relate to the heart of an applicant's claim. *Id.*

Substantial evidence supports the BIA's conclusion that specific, cogent reasons supported the IJ's adverse-credibility determination.  Specifically, the BIA determined that there was no clear error in the IJ's adverse-credibility determination based on the following findings: (1) Vaitheesvaran did not mention that he was forcibly recruited by the Liberation Tigers of Tamil Eelam (LTTE), in

3

2007 until the removal hearing; (2) he was not consistent as to which family members were injured in the shelling alongside him; (3) his asylum application, unlike his testimony, indicated that none of his family members were able to obtain medical treatment; and (4) he never mentioned in his asylum application that his friend died in the missile attack, or that he was beaten with a baton during interrogations at the camp.

Although Vaitheesvaran offered some explanation for the inconsistency between his testimony and his asylum application, that explanation does not compel a conclusion that he was otherwise credible. *See Ruiz,* 440 F.3d at 1255. The inconsistencies in Vaitheesvaran's testimony and asylum application support the IJ's adverse-credibility determination.

*Consideration of Vaitheesvaran's claims*

Vaitheesvaran contends the BIA erred by failing to consider the harm and fear to which he was subjected by the Sri Lankan armed forces on account of protected grounds in his asylum claim. Vaitheesvaran also asserts the IJ and the BIA erred by failing to adjudicate his claim for asylum and CAT relief based on his status as a failed Tamil asylum seeker.

The IJ or the BIA must generally consider all of the evidence introduced by an applicant and all of the issues raised, and each must "announce its decision in terms sufficient to enable a reviewing court to perceive that it has heard and

4

thought and not merely reacted." *Tan v. U.S. Att'y Gen.*, 446 F.3d 1369, 1374 (11th Cir. 2006). However, where the IJ or the BIA has given reasoned consideration to the petition, and made adequate findings, we "will not require that it address specifically each claim the petitioner made or each piece of evidence the petitioner presented." *Id.* (quotation omitted).

### 1. Past persecution as a Tamil

Vaitheesvaran's claim that the IJ and the BIA failed to consider the past persecution he faced from the Sri Lankan Army because he was Tamil is unavailing. The IJ found that because Vaitheesvaran only demonstrated that the Sri Lankan government targeted him based on their belief he was a member of the LTTE, the harm he experienced did not constitute persecution on account of a protected ground. The IJ further concluded that neither targeting for forced conscription and recruitment by criminal organizations, nor an isolated criminal attack by six assailants, constituted persecution on account of a protected ground. The BIA also determined that Vaitheesvaran's asylum claim lacked the necessary nexus between any past harm and one of the protected grounds, as he failed to present any evidence to show that members of a paramilitary group imputed a pro-

5

LTTE political opinion to him because he was Tamil, or that they were motivated to harm him on that ground.[3]

## 2. *Failed asylum seeker*

While it is questionable whether Vaitheesvaran brought the failed asylum seeker claim in his IJ proceedings, he brought it before the BIA and the BIA discussed it without making a clear finding on this issue. In the BIA's decision, in the context of discussing Vaitheesvaran's due process argument, the BIA stated that Vaitheesvaran sought to file "additional background country condition information to corroborate his claim that failed asylum seekers, predominantly Tamil, face future harm upon return to Sri Lanka." While it found Vaitheesvaran's due process argument lacked merit, later in its decision, the BIA stated that even if the additional background evidence was admitted, it did "not establish that there is a clear probability of torture by the government, or a pattern or practice of the government or paramilitary groups persecuting individuals similarly situated to the respondent in Sri Lanka." It is not clear from this statement whether the BIA is discussing Vaitheesvaran's "similarly situated status" as a Tamil or as a failed

---

[3] To the extent Vaitheesvaran argues the BIA and IJ erred in failing to grant asylum on this claim even with the adverse credibility finding, Vaitheesvaran's claim lacked the necessary nexus between any past harm and one of the protected grounds because he failed to present any evidence to show that members of a paramilitary group imputed a pro-LTTE political opinion to him because he was Tamil, and were motivated to harm him as a result. *See* 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1). Vaitheesvaran also failed to show a well-founded fear of future persecution because he could not establish that his fear was objectively reasonable, particularly because he testified that his younger brother, who was present with him at the refugee camp, continues to live in Sri Lanka without facing any persecution. *See id.*

asylum seeker.  The BIA's findings as to Vaitheesvaran's failed asylum seeker status are inadequate for this Court to review.  Thus, we remand to the BIA for further proceedings on this claim.[4]

*Due Process*

Vaitheesvaran further contends the IJ violated his due process rights by refusing to reopen the record and admit a newly released country report on torture in Sri Lanka, detailing the persecution faced by failed asylum seekers.

"We review constitutional challenges *de novo*."  *Lonyem v. U.S. Att'y Gen.*, 352 F.3d 1338, 1341 (11th Cir. 2003).  "Where a constitutional claim has no merit, however, we do not have jurisdiction."  *Gonzalez-Oropeza v. U.S. Att'y Gen.*, 321 F.3d 1331, 1333 (11th Cir. 2003).  "To establish due process violations in removal proceedings, aliens must show that they were deprived of liberty without due process of law, and that the asserted errors caused them substantial prejudice."  *Lonyem*, 352 F.3d at 1341-42.

Vaitheesvaran failed to show that he was deprived of any rights to a fair and impartial hearing as a result of the IJ's refusal to admit the torture report.  Even if the given report was unavailable prior to the close of the IJ's record, Vaitheesvaran summarized the report in his brief to the BIA.  He cannot show substantial

---

[4] We express no opinion regarding whether this claim was properly before the BIA.  We remand because if the BIA ruled on Vaitheesvaran's asylum and CAT claims related to being a failed asylum seeker, there are inadequate findings for this Court to review.  If the BIA was declining to address this issue, however, there are also inadequate findings for this Court to determine that was the BIA's intent.

prejudice as the BIA had a summary of the evidence before it, and the BIA mentioned the report in its decision.

Because Vaitheesvaran's due process claim lacks merit, he has not raised a substantial constitutional question. Accordingly, we dismiss Vaitheesvaran's petition for a lack of jurisdiction in this respect.

**PETITION DENIED IN PART; REMANDED IN PART; AND DISMISSED IN PART.**